# Appeal by Joseph M. Hollander and Max Schlessinger.

*Liquor law—Appeal determined by record.*

The evidence given on the hearing of a liquor license application is not brought up upon appeal.

Where the record shows that the license was refused for a legal reason after a hearing, the appellate court has no right to assume the contrary.

Submitted May 17, 1899. Appeal, No. 14, April T., 1900, by Joseph M. Hollander and Max Schlessinger, from decree of Q. S. Allegheny Co., March Sess., 1899, No. 159, refusing application for renewal of license to sell liquor at wholesale. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Affirmed. Opinion per curiam.

Petition for wholesale license by Joseph M. Hollander and Max Schlessinger.

The court entered the following decree:

And now, to wit: April 15, 1899, the applications for license to sell liquors as distillers, brewers, bottlers and wholesalers, in the county of Allegheny, for one year beginning May 1, 1899, having been heard in open court, are hereby disposed of as follows: Those refused are refused for the reason, inter alia, that they are not necessary for the accommodation of the public.

Joseph M. Hollander and Max Schlessinger, No. 854 Braddock avenue, second ward, borough of Braddock, refused.

Petitioners appealed.

*Errors assigned* were (1) in not granting the renewal of wholesale license. (2) In assigning in the general order refus-

ing renewal of appellants' wholesale license "the reason, inter alia, that the license of appellants' premises are not necessary for the accommodation of the public."

C. F. and E. J. McKenna, for appellants.

No paper-book or appearance for appellee.

PER CURIAM, July 28, 1899:

The evidence given on the hearing of a liquor license application, is not brought up on appeal, and in the present case, we have nothing from which to determine whether the court performed its duty according to law, but the record. This shows, affirmatively, that the license was refused for a legal reason, after a hearing. We have no right to assume the contrary. The question whether the license applied for was necessary for the accommodation of the public, was to be determined, and presumably was determined, upon a consideration, not of one merely, but of all the pertinent facts and circumstances, including the number and character of the petitioners for and against the application. The fact that the appellants held a license for the place may have been a circumstance to be considered, but, clearly, it was not legally conclusive upon the question of the needs of the public for the ensuing year.

The order is affirmed, and the appeal is dismissed at the costs of the appellants.